**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

STATE OF DELAWARE,           )
                             )
        V.                   )        ID No. 1401014417
                             )
FRANK DAVENPORT,             )
        Defendant.           )

Submitted: February 10, 2015
Decided: March 4, 2015

***Upon Defendant's Motion in Limine
(as to statements by Holly Wilson in October 2009)***
**DENIED**

This matter is before the Court on Defendant's Motion in Limine. Defendant seeks to exclude certain evidence on the grounds that it is inadmissible hearsay. The underlying case concerns the death of Holly Wilson, which occurred on January 16, 2010. The State has charged Defendant Frank Davenport with Wilson's murder. In connection with the murder trial scheduled for June 2015, the State seeks to admit evidence of an alleged incident involving Defendant and Ms. Wilson in October 2009.[1] Defendant's pending Motion seeks to limit the State's use of such evidence at the June 2015 murder trial.

Specifically, Defendant moves to exclude: (i) a letter to Defendant allegedly hand-written by Ms. Wilson in October 2009; (ii) statements by Ms. Wilson to her

---

[1] Defendant is facing separate charges arising from the alleged October 2009 incident.

son about the alleged October 2009 incident; and (iii) statements to police officers by Ms. Wilson and her son related to the alleged October 2009 incident.[2] Defendant concedes that the evidence at issue is non-testimonial. Moreover, Defendant emphasizes that his challenge does not implicate his Sixth Amendment right to confront witnesses. Rather, Defendant seeks a ruling in advance of trial to exclude the State's evidence as inadmissible hearsay.[3] The State opposes Defendant's Motion on the grounds that the challenged evidence is admissible and should be presented for the jury's consideration. This is the Court's decision on Defendant's Motion in Limine.

## 1. Statements by Ms. Wilson's Son

It is expected that Stephen McElwee, Ms. Wilson's son, will testify as a witness at trial and will be subject to examination and/or cross-examination by Defendant's lawyers. Accordingly, to the extent that Defendant objects to testimony by police officers about what Mr. McElwee told police, those objections are OVERRULED. To the extent that the State intends to present Ms. Wilson's statements to her son through the testimony of Mr. Elwee, then the admissibility of those statements by Ms. Wilson is governed by the analysis set forth below.

---

[2] Defendant must specifically identify what evidence he seeks to exclude as hearsay. Defendant's Motion in Limine, as submitted to the Court, challenges "other hearsay testimony, including, but not limited to testimony by police officers about what the decedent or the decedent's son told police." Def.'s Mot. in Limine 2. To the extent that Defendant seeks a ruling before trial, the Court will limit its consideration to the statements enumerated above.
[3] The Court will limit its ruling to the parameters of Defendant's legal challenge.

## 2. Ms. Wilson's Statements

Defendant challenges the admissibility of certain out-court-statements made by Ms. Wilson. Specifically, Defendant challenges: (i) the hand-written letter found by police in October 2009, which the State claims Ms. Wilson wrote at the time of the October 2009 incident; (ii) Ms. Wilson's statements to her son, made at the time of the October 2009 incident; and (iii) Ms. Wilson's statements to police about the October 2009 incident.

Under the Delaware Rules of Evidence ("D.R.E."), an out-of-court written or verbal statement by someone other than the declarant testifying offered in evidence to prove the truth of the matter asserted qualifies as hearsay.[4] Hearsay is generally inadmissible unless the statement is privy to a recognized exception to the hearsay rule.[5] There are three hearsay exceptions applicable to Ms. Wilson's out-of-court statements.

### (a) D.R.E. 803(2) – Excited Utterance

An excited utterance qualifies as an exception to the hearsay rule because it is a spontaneous statement made in reaction to an exciting event rather than the result of a reflective thought.[6] The statement is therefore considered reliable

---

[4] D.R.E. 801(a), (c).
[5] D.R.E. 802, 803, 804; *Culp v. State*, 766 A,2d 486, 489 (Del. 2001).
[6] *Culp*, 766 A.2d at 490-91.

because the declarant is not in a position to fabricate the statement.[7]  To determine

if a statement qualifies as an excited utterance under D.R.E. 803(2), the Delaware

Supreme Court explained that:

> a statement must satisfy the following three requirements: '(1) the excitement of the declarant must have been precipitated by an event; (2) the statement being offered as evidence must have been made during the time period while the excitement of the event was continuing; and (3) the statement must be related to the startling event.'[8]

The Court further explained that the declarant must have personally perceived the

startling event for a statement to be admissible under this exception.[9]

In the case before the Court, the State intends to present evidence that

Defendant threatened Ms. Wilson in October 2009 and that Ms. Wilson was

frightened.  According to the State, at or about the time of Defendant's threats, Ms.

Wilson wrote a note to Defendant describing his threats and then contacted her son

and expressed her fear.  The Court finds that Ms. Wilson personally perceived the

startling event and that Ms. Wilson's statements concerning the October 2009

incident are inherently reliable as excited utterances.  Accordingly, Ms. Wilson's

hand-written letter, statements to her son, and statements to the police are

admissible in consideration of D.R.E. 803(2) and Defendant's objections are

OVERRULED.

---

[7] *Id.* at 490.
[8] *Id.* at 489-90 (citing *Gannon v. State,* 704 A.2d 272, 274 (Del. 1998)).
[9] *Id.* at 490.

### (b) D.R.E. 803(3) – Then-Existing State of Mind

Statements offered to show the "present intention or an existing state of mind the deceased," qualify as an exception to the hearsay rule.[10] According to the Delaware Supreme Court, there are five requirements to establish the necessary foundation to admit statements reflective of a declarant's then-existing state of mind.[11] The five factors required for the admissibility of such statements are: (1) the statements must be relevant and material; (2) the statements must relate to the declarant's existing state of mind at the time the statements were made; (3) the statements must have been made in a natural manner; (4) the statements must have been made under circumstances dispelling suspicion; and (5) the statements must not contain suggestion of sinister motives.[12]

In this case, the out-of-court statements made by Ms. Wilson satisfy the five factors for admissibility as a hearsay exception. The statements at issue include a hand-written letter by Ms. Wilson to Defendant while Ms. Wilson was in a state of distress and fear, wherein she explained her feelings, described Defendant's actions, and explained why she was ending her relationship with Defendant. While experiencing that same distress and fear, Ms. Wilson called and spoke to her son. Accordingly, the Court finds the first four factors are satisfied. Moreover,

---

[10] D.R.E. 803(3); *Derrickson v. State*, 321 A.2d 497, 503 (Del. 1974).
[11] *Derrickson*, 321 A.2d at 503.
[12] *Id.*

there has been no suggestion by Defendant that Ms. Wilson had sinister motives to make such statements and thus, the fifth factor is satisfied. The Court finds that Ms. Wilsons's statements in the hand-written letter and as expressed verbally to her son and the police are inherently reliable as describing her then-existing state of mind. Accordingly, Ms. Wilson's statements are admissible in consideration of D.R.E. 803(3) and Defendant's objections are OVERRULED.

### (c) D.R.E. 807 – Circumstantial Guarantees of Trustworthiness

Moreover, even if Ms. Wilson's out-of-court statements were not admissible as excited utterances or as statements reflective of her then-existing state of mind, the Court is satisfied that Ms. Wilson's statements meet the test for circumstantial guarantees of trustworthiness. Specifically, consistent with D.R.E. 807: (1) Ms. Wilson's statements are offered as evidence of a material fact; (2) the statements are more probative on the point for which the statements are offered than any other evidence which the State can procure through reasonable efforts because Ms. Wilson is unavailable as a witness; and (3) the general purposes of the rules of evidence and the interests of justice will best be served by admission of the statements into evidence. The Court is "satisfied that there is a guaranty of trustworthiness associated with the proffered hearsay statement that is equivalent to the guaranties of trustworthiness recognized and implicit in the other hearsay

exceptions."[13] Accordingly, Defendant's objections are OVERRULED in consideration of D.R.E. 807.

**NOW, THEREFORE, on this 4th day of March, 2015, Defendant's Motion in Limine is hereby DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**

---

[13] *Purnell v. State*, 979 A.2d 1102, 1107 (Del. 2009) (citations omitted).